## CENTER *v.* CENTER.

A verdict will not be set aside for the admission of immaterial evidence, unless it is quite apparent that it influenced the jury in their decision.

Where the plaintiff was the mother of the defendant, and incompetent but immaterial evidence was admitted, subject to exception, consisting of vile, profane and abusive language used by the defendant in regard to the plaintiff—*Held,* that such evidence, being highly calculated to prejudice the minds of the jury and influence their decision, and being ruled admissible by the court, the verdict should be set aside.

WRIT AND ENTRY, to foreclose a mortgage upon a farm in Wilton. Plea, *nul disseizin.*

It appeared in evidence that on the 3d day of January, 1856, the plaintiff, Sarah Center, and her husband, Jonas Center, senior, in consideration of $2,000 in cash, and an agreement on the part of their son, Jonas Center, Jr., and his wife, Elizabeth A. Center, the defendants, to support and maintain them and the survivor of them in a particular way and manner, conveyed the demanded premises by deed of warranty, in common form, to said Elizabeth A. Center. At the same time, and as part of the same

arrangement, the defendants mortgaged back the premises to Jonas, senior, and Sarah Center, and the survivor of them, to secure the performance of the condition of said mortgage, which was substantially that the defendants, their heirs, executors or administrators, should at all times during the natural lives of the mortgagees, and the survivor of them, support and maintain them and the survivor of them in a particularly specified manner, in a part of the house on the premises ; or if the mortgagees, or either, or the survivor of them, should choose and elect, instead of occupying the portion of the house on the premises specified, to have a tenement by themselves in Wilton, and to have their support and maintenance in such tenement, then the defendants were to provide for them a suitable and comfortable tenement, and furnish and provide them with their maintenance in such tenement as specified, to be furnished and provided in the house on the premises.

Jonas Center, senior, died September 25, 1856, and the plaintiff continued to live with the defendants, in that portion of the house on the premises specified in the condition of the mortgage, until July 7, 1857, when she went away.

On the trial, the plaintiff claimed a breach of the condition of the mortgage, in the neglect of the defendants to provide her a suitable and comfortable tenement in Wilton, and to furnish and provide her with her support and maintenance therein, according to the alternative provisions of the condition. The plaintiff demanded a tenement on the 11th day of July, 1857, and this action was commenced August 8, 1857. On the 12th of August, 1857, the defendants procured a tenement for the plaintiff, and gave her notice thereof.

The only question submitted to the jury was, whether or not the defendants had provided a tenement within a reasonable time after demand made therefor. There was

considerable evidence on both sides tending to show that the plaintiff did not in fact desire a tenement to be provided for her, but wished the defendants to procure her to be boarded with one of her other children, or to pay her an annuity instead of providing a tenement and support, and that the defendants had made efforts to procure board for her, at the place where she has since resided with her daughter and son-in-law. It appeared that the defendant, Jonas Center, was quite sick during the last eight or ten days before the commencement of the suit, so as to be confined to his bed and require the attendance of a physician. There was a large amount of testimony on both sides. Among other things, the plaintiff introduced, against the defendants' objection, evidence of the use, by the defendant, Jonas Center, of very vile, profane and abusive language in relation to his mother, in the course of a negotiation between himself and the plaintiff's attorney, in regard to the payment of an annuity to his mother instead of providing her with a tenement and support, according to the condition of the mortgage. The conversation occurred before the plaintiff demanded a tenement, on the same day.

The jury having returned a verdict for the plaintiff, the defendants moved that the same be set aside and a new trial granted, on account of the admission of the evidence aforesaid. The court denied the motion, and the defendants excepted.

The defendants thereupon moved the court to assess the damages for the breach of the condition of the mortgage, and the plaintiff objected, on the ground that there could be no equivalent in damages for a breach of the condition. The court assessed the damages at the sum of ten dollars, and the plaintiff excepted. The questions arising upon the case were reserved and assigned to the determination of the whole court.

*Grant, Morrison & Stanley,* for the plaintiff.

*Lull, Clark & Smith,* and *C. R. Morrison,* for the defendants.

EASTMAN, J. The mortgage, for the foreclosure of which this suit was instituted, contained an alternative condition. The defendants covenanted to support and maintain the plaintiff and her husband, and the survivor of them, in a specified manner on the premises mortgaged, or, in case they should choose to have a tenement in Wilton, by themselves, instead of such support on the premises, then the defendants were to provide for them a suitable tenement, and furnish their support there. It was for the breach of the latter part of the condition that the action was brought.

The defendants were to provide the tenement, if the plaintiff should so elect. The alternative was with her and not with them, and consequently it devolved upon her to notify the defendants of her election, and request the tenement, before any obligation devolved upon them to provide it.

As no time was stated in the contract within which the tenement was to be furnished after demand made, the law would fix it at a reasonable time.

The plaintiff made the demand on the 11th day of July, and the suit was commenced on the 8th day of August following; and the case finds that the only question submitted to the jury was, whether the defendants had provided a tenement within a reasonable time.

The verdict having been for the plaintiff upon this question, the defendants moved to set it aside for the alleged erroneous admission of one piece of evidence only.

As the defendants were under no obligation to make any exertions to procure the tenement until after demand, the issue to the jury must have been whether, *after* such

Center v. Center.

demand, the defendants unreasonably neglected to provide the house; and the evidence, to be competent, should tend to prove that issue.

The evidence excepted to was vile, profane and abusive language, used by one of the defendants towards his mother, the plaintiff, *before* the demand was made. And we are unable to see how such evidence could have been relevant to the question before the jury. What tendency had such language to prove a breach of the condition, or unreasonable delay in providing the tenement, when a demand for it had not then been made, and the defendants were at that time under no obligation to provide it?

It appears to us quite plain that the evidence was inadmissible. It was language used, not in regard to the contract or condition of the mortgage, but in regard to the plaintiff herself. It was personal abuse of her *before* she had perfected her claim by making the demand, and had no legitimate connection with the subsequent acts of the defendants in procuring the tenement.

We might perhaps hold the evidence immaterial, and on that account decline to set aside the verdict, were it not that the character of the testimony was such as would be very likely to prejudice the minds of the jury, and influence their decision against the defendants. *Winkley* v. *Foye*, 28 N. H. (8 Fost.) 519; *Cook* v. *Brown*, 34 N. H. 460.

As the verdict must be set aside for the admission of this evidence, it becomes unnecessary to examine the question raised by the plaintiff upon the assessment of the damages.

*New trial granted.*